# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-978V
Filed:  January 27, 2020

```
* * * * * * * * * * * * *   *
GEORGE KENNEDY,             *      UNPUBLISHED
                            *
       Petitioner,          *
                            *
v.                          *      Attorneys' Fees and Costs
                            *
SECRETARY OF HEALTH         *
AND HUMAN SERVICES,         *
                            *
       Respondent.          *
* * * * * * * * * * * * *   *
```

*Randall G. Knutson*, *Esq.*, Knutson & Casey Law Firm, Mankato, MN, for petitioner.
*Christine M. Becer, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On July 20, 2017, George Kennedy ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that he developed a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving the influenza ("flu") vaccine. *See* Petition, ECF No. 1. On September 12, 2019, petitioner filed a motion to voluntarily dismiss his petition, and on the same day the undersigned issued her Decision dismissing the petition for insufficient proof. Decision, ECF No. 35.

On September 23, 2019, petitioner filed an application for attorneys' fees and costs. ECF No. 39 ("Fees App."). Petitioner requests  total  attorneys'  fees  and  costs  in  the  amount  of

---

[1] The undersigned intends to post this Decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

$32,423.67 (representing $25,207.45 in attorneys' fees and $7,216.22 in costs). Fees App. at 1. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs in pursuit of this litigation. *Id.* Respondent responded to the motion on October 7, 2019, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3, ECF No. 41. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, although petitioner's claim was eventually dismissed, the undersigned finds that the petition was filed in good faith, and that reasonable basis existed for its filing. Respondent also has not challenged the good faith or reasonable basis of the claim. Accordingly, the undersigned finds that petitioner is entitled to an award of final attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

### A.    Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011)

(citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Petitioner requests that his attorney, Mr. Randall Knutson, be compensated at $365.00 per hour for all work performed. Fees App. at 1. This rate is consistent with what Mr. Knutson has previously been awarded for his vaccine program work and is reasonable in this case as well. *See Maddox v. Sec'y of Health & Human Servs.*, No. 16-1504V, 2018 WL 6382043, at *2 (Fed. Cl. Spec. Mstr. Oct. 5, 2018).

## B.   Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The undersigned has reviewed the submitted billing entries and finds that a reduction due to overbilling by Mr. Knutson on small tasks such as reviewing simple court orders and for duplicate billing. Upon review, it does not appear that Mr. Knutson billed any task for less than 0.2 hours. Other special masters have noted that such billing practices can often result in overbilling. *See Golding v. Sec'y of Health & Human Servs.*, No. 16-1132V, 2019 WL 3753273, at *3 (Fed. Cl. Spec. Mstr. Jul. 18, 2019).

Additionally, Mr. Knutson and his paralegal occasionally billed for identical tasks. For example, on October 30, 2017, each billed for reviewing a status report and then e-mailing a copy of that report to petitioner). Fees App. Ex. 2 at 6, 21. Accordingly, the undersigned will reduce the final award of fees by five percent to account for these entries, resulting in a reduction of **$1,260.38**. Petitioner is therefore awarded final attorneys' fees of **$23,947.07**.

### C.    Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $7,216.22 in costs, comprised of obtaining medical records, postage, the Court's filing fee, and work performed by petitioner's expert, Dr. James Dahlgren. Fees App. Ex. 2 at 25-26. These are typical costs in Vaccine Program cases and appear reasonable in the undersigned's experience. Petitioner is therefore awarded the full amount of attorneys' costs sought.

### III. Conclusion

Based on all the above, the undersigned finds that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $25,207.45 |
| (Reduction to Fees) | - ($1,260.38) |
| **Total Attorneys' Fees Awarded** | **$23,947.07** |
| | |
| Attorneys' Costs Requested | $7,216.22 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$7,216.22** |
| | |
| **Total Attorneys' Fees and Costs** | **$31,163.29** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. **Accordingly, the undersigned awards the following:**

1) **A lump sum in the amount of $31,163.29, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Mr. Randall Knutson.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[3]

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).

**IT IS SO ORDERED.**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master
